JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ███████████, <br><br>    Plaintiff, <br><br> v. <br><br> WILLIAM P. BARR, United States Attorney General; NICOLA T. HANNA, United States Attorney for the Central District of California; and UNITED STATES OF AMERCA, <br><br>    Defendants. | Case No.: CV 19-06893-CJC(AGRx) <br><br><br> AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 14) |

## I. INTRODUCTION

In this case, Plaintiff ███████████, acting *pro se*, challenges child pornography statutes in this era of advanced technology.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Before the Court is Defendants' motion to dismiss under Federal Rules of

Procedure 12(b)(1) and 12(b)(6).  (Dkt. 14 [hereinafter "Mot."]).  For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff's complaint alleges that various federal child pornography statutes violate the First and Fifth Amendments, especially given modern AI technology allowing for creation of "deep fakes."  In "Part 1," Plaintiff describes the Supreme Court's ruling in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).  (Compl. ¶¶ 1–8.)  In "Part 2," Plaintiff describes "Child Pornography in General," asserting that "[c]hild pornography is a legal outlier" because "[c]hild sexual abuse is the only crime for which depictions are outlawed," and "[t]hose who possess depictions of child non-sexual abuse, adult rape, or murder face no liability."  (*Id.* ¶¶ 9–16.)  In this section, Plaintiff complains that "federal prosecutors extensively exercise the wide latitude afforded to them," including by "decid[ing] whether to pursue cases in which a minor possesses nude images of himself, or two 17-year-olds have exchanged nude selfies."  (*Id.* ¶ 13.)  He decries "differential enforcement," where law enforcement knows there are more users of child pornography servers than they can identify and therefore charge.  (*Id.* ¶ 14.)

Then, Plaintiff presents three points in support of his position that current child pornography law is unsound: "Mitigating Factor #1: There Is A Neurodevelopmental Basis for Pedophilia," (Compl. ¶¶ 17–20), "Mitigating Factor #2: Pornography Does Not Whet Pedophiles' Appetites," (*id.* ¶¶ 21–25), and "Mitigating Factor #3: Indistinguishable Fake Images Will Drive Real Ones From Exchange," (*id.* ¶¶ 26–27).

---

[1]  Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for December 30, 2019 at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff's opposition sums his complaint up this way:

> At bottom, my complaint seeks only one thing: an affirmation of the constitutional principles articulated in *Ashcroft v. Free Speech Coalition* for the deep fake era, which the Government violates daily with certain ongoing child pornography prosecutions. To do so, my complaint relies on other, prior case law that must be applied to the new – and constitutionally significant – development of deep fakes. The complaint also seeks an affirmation that Congress cannot ban possession of obscene materials – receipt merely constitutes the first instant of possession. *Stanley v. Georgia*, 394 U.S. 557, 568 (1969).

(Dkt. 15 [hereinafter "Opp."] ¶ 5.)

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts are presumed to lack jurisdiction in a particular case "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). In deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction, the burden of proof is on the party asserting jurisdiction, and the court will presume a lack of jurisdiction until the pleader proves otherwise. *See Kokkonen*, 511 U.S. at 377. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).

Article III of the Constitution requires that courts adjudicate only actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1; *see also Rhoades v. Avon Prods., Inc.*,

504 F.3d 1151, 1157 (9th Cir. 2007).  To meet this "irreducible constitutional minimum," plaintiffs must establish that they have standing, which requires that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "A plaintiff has the burden to establish that it has standing." *WildEarth Guardians v. U.S. Dep't of Agriculture*, 795 F.3d 1148, 1154 (9th Cir. 2015).

Plaintiff has failed to allege injury in fact.  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  The purpose of this requirement is to "assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions." *Baker v. Can*, 369 U.S. 186, 204 (1962).  Far from alleging a "concrete and particularize" and "actual or imminent" injury, Plaintiff does not explain how he is affected by child pornography laws *at all*.  Any injury to him is at most conjectural or hypothetical, which is not enough to establish standing.  *See id.*

Plaintiff argues that he has standing because his "complaint is modeled closely after *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)."  (Opp. ¶ 6.)  But in that case, the plaintiffs included a trade association of businesses involved in producing and distributing "adult-oriented materials," and others who had a direct interest in the construction of child pornography laws. *Ashcroft*, 535 U.S. at 243.  Plaintiff alleges no such interest.

Plaintiff further argues that he raises an overbreadth challenge to child pornography laws, and thus need not satisfy standing requirements.  (Opp. ¶¶ 6–11.)

The overbreadth doctrine is an "exception from general standing rules" that allows a plaintiff to seek facial invalidation of a law that "sweeps too broadly, penalizing a substantial amount of speech that is constitutionally protected," even if that law is constitutional as applied to the plaintiff, since "the very existence of some broadly written laws has the potential to chill the expressive activity of others not before the court." *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123, 129 (1992). To succeed on an overbreadth claim, Plaintiff would have to show that the laws "punish a 'substantial' amount of protected free speech, 'judged in relation to the statute[s'] plainly legitimate sweep.'" *Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)). Plaintiff has not alleged facts supporting the application of this exception.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

DATED: June 15, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE