1 ██████████
2 ██████████
3 ██████████
4 o Per

**FILED**
CLERK, U.S. DISTRICT COURT
MAR 30, 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rrp _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ██████████, | ) | Case No.: |
|---|---|---|
| Plaintiff, | ) | No. CV 19-06893 CJC (AGRx) |
| vs. | ) | **PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION** |
| MERRICK B. GARLAND, United States Attorney General, E. MARTIN ESTRADA, United States Attorney for the Central District of California, and the UNITED STATES OF AMERICA | ) | |
| Defendants | ) | |

# PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION

1. Plaintiff previously brought an action that challenged certain federal laws related to child pornography in light of the advent of deep fake images. This Court dismissed Plaintiff's case due to lack of standing, which was affirmed by the Ninth Circuit. Plaintiff petitioned the Supreme Court for *certiorari*, but the petition was denied on October 4, 2021. This case has been closed since then.

2. Plaintiff requests that the court re-open the case in order to redact personally identifying information from the record.

3. Plaintiff was recently fired from his job. Plaintiff received a cursory explanation for his firing. On March 27, 2023, Plaintiff was mistakenly cc'ed on an email which appears to reveal the true reason for Plaintiff's firing: Plaintiff's involvement in this litigation. Moreover, this email reveals that Plaintiff's involvement in this litigation has been circulating in reference checks and precluding future employment opportunities. The email originated from a senior professional in the investment industry who was in fact conducting a reference check on Plaintiff.

4. Plaintiff understands that the subject matter underlying this litigation is difficult and controversial. Reasonable minds can disagree with Plaintiff's position. However, the litigation was also important. Plaintiff should not face personal and professional retaliation for bringing the original matter at hand. Plaintiff apologizes to the court for the inconvenience of redaction, but believes it is warranted in light of this retaliation. Plaintiff did not anticipate retaliation of this character and magnitude when the action was originally brought.

5. Plaintiff therefore requests redaction of his name from the docket and permission to proceed under the pseudonym "John Doe." Plaintiff specifically requests replacing Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents so as to conceal his true name. Specifically, Plaintiff requests redaction of any references to Plaintiff's name, ▆▆▆▆▆▆▆▆▆▆▆▆

or "█████ Plaintiff requests redaction of his phone number ██████████ and email ████████████████████. Lastly, Plaintiff requests redaction of his physical address ████████████████████████████████████

6. There is recent precedent in the Ninth Circuit for the retroactive pseudonymization of a case. See Judge Marilyn L. Huff's (of the Southern District of California) June 28, 2021 order in *John Doe v. Law Offices of Winn and Sims et al.*, Case No: 06-cv-00599-H-AJB. That order is included as an exhibit in Plaintiff's Petition.

7. Judge Huff cites *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, see *Southern Methodist Univ.*, 599 F.2d at 713; (2) the reasonableness of the anonymous party's fears, see *Stegall*, 653 F.3d at 186; and (3) the anonymous party's vulnerability to such retaliation, see id. (discussing vulnerability of child plaintiffs); *Doe II*, 655 F.2d at 922 n. 1 (recognizing enhanced risks to long-term prison inmate)." *Id*. at 1068.

8. Those factors are satisfied here. Long-term unemployment is a serious harm that Plaintiff should not suffer as a result of pursuing a civil rights action. Plaintiff's fears are reasonable, since Plaintiff has received tangible evidence that past and future employers are actively and currently retaliating against Plaintiff as a result of this action. Lastly, Plaintiff is vulnerable under the circumstances. As was previously briefed, some states permit the civil confinement of pedophiles. Margo Kaplan, *Pedophilia: A Disorder, Not a Crime*, NY Times, October 5, 2014. Plaintiff's mere association with such a controversial area renders Plaintiff subject to animus.

9. Furthermore, redacting Plaintiff's name from the record does not prejudice any party because the case has completely terminated. Additionally, the public's interest

in this case primarily centers around the underlying nature of the action, a facial challenge against certain federal child pornography statutes, not the Plaintiff's identity. In fact, Plaintiff's factual circumstances were previously deemed so remote from the matter at hand that Plaintiff was held not to have standing to pursue the case!

10. Plaintiff does not request sealing the entire record. To seal a judicial record, a movant must present "compelling reasons" that outweigh the public's interest in access to the record. *Oliner v. Kontrabecki,* 745 F.3d 1024, 1025-1026 (9th Cir. 2014). In addition, "[a]ny order sealing documents should be 'narrowly tailored'" to serve those compelling reasons. *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 513 (1984)); see also *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the entire record may be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a facial challenge to certain provisions of federal child pornography law. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Oliner*, 745 F.3d at 1025-26.[1] However, if this Court does not feel pseudonymization of the record is appropriate, Plaintiff may motion for sealing of the record in the future.

11. To the extent that this Court's order can apply to the full record, including Plaintiff's appeal to the Ninth Circuit (19-56522) and *certiorari* petition to the Supreme Court (20-1826), Plaintiff requests that it does apply. However, Plaintiff understands that he may have to apply separately to those tribunals.

12. This motion is not opposed by Defendants.

---

[1] Language from this paragraph borrows heavily from Judge Marilyn L. Huff's (of the Southern District of California) June 28, 2021 order in *John Doe v. Law Offices of Winn and Sims et al.*, Case No: 06-cv-00599-H-AJB. That order is included as an exhibit in Plaintiff's Petition.

PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION - 4

Dated this 30th day of March, 2023

/s/ Robert H. Newell

ROBERT H. NEWELL
Plaintiff in Pro Per

**Exhibit 1 – Email on which Plaintiff was mistakenly included. Name of the senior professional is redacted to protect privacy. Plaintiff can provide unredacted emails under seal.**

WTF??? He's a TMT analyst. Well that helps explain his situation... From: Robert Newell <robert.hardy.newell@gmail.com> Sent: Tuesday, March 14, 2023 9:24 AM

to me

Hey Rob -

Sorry - the note below was not intended for you. Someone else just informed me of your extracurricular legal activities...obviously something we can talk about.

Chief Investment Officer

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1]<br><br>                              Plaintiff,<br><br>v.<br><br>LAW OFFICES OF WINN AND SIMS, a Professional Corporation; BRIAN N. WINN; RALPH L. SIMS; and DOES 1 through 25, inclusive,<br><br>                              Defendants. | Case No.: 06-cv-00599-H-AJB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S PETITION TO RE-OPEN THE CASE; AND**<br><br>[Doc. No. 13.]<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION TO SEAL**<br><br>[Doc. No. 16.] |

   On June 21, 2021, the Court issued an order granting in part and denying in part Plaintiff John Doe's ("Plaintiff") motion to seal. (Doc. No. 12.) On June 25, 2021, the Court ordered the Clerk to file on the docket a petition to re-open the case and a supplemental motion to seal the case filed by Plaintiff. (Doc. Nos. 13, 16.) Plaintiff's

---

[1]   The Court replaces Plaintiff's name in the caption with John Doe.

1

06-cv-00599-H-AJB

supplemental motion to seal sets forth additional facts in support of his request for the Court to either seal the entire case or, in the alternative, redact his personal information from the record. (Doc. No. 16 at 2.)

After reviewing Plaintiff's filings, Court denies Plaintiff's supplemental request to seal the entire record. To seal a judicial record, a movant must present "compelling reasons" that outweigh the public's interest in access to the record. Oliner v. Kontrabecki, 745 F.3d 1024, 1025-26 (9th Cir. 2014). In addition, "[a]ny order sealing documents should be 'narrowly tailored'" to serve those compelling reasons. Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 513 (1984)); see also Perez-Guerrero v. U.S. Atty. Gen., 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the entire record would be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a class action against a debt collection service. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); Oliner, 745 F.3d at 1025-26.

That being said, sufficient cause supports Plaintiff's supplemental request to redact his name from the docket and allow him to proceed under the pseudonym "John Doe." The Ninth Circuit allows parties to proceed anonymously when the party's "need for anonymity" to avoid physical injury outweighs the "prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000). That is the case here. (See Doc. No. 16, Exs. A-C.) Additionally, redacting Plaintiff's name from the record would not prejudice any party because Plaintiff voluntarily dismissed the action over fifteen years ago. (Doc. No. 6.) Further, the public's interest in this case primarily centers around the underlying nature of the action, a class action against a debt collection service, not Plaintiff's identity. As a result, the Court grants Plaintiff's supplemental request to redact

his name from the record.

  For the foregoing reasons, the Court grants Plaintiff's petition to re-open the case. The Court then grants in part and denies in part Plaintiff's supplemental motion to seal. Consistent with this Order, the Court directs the Clerk to replace Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents so as to conceal his true name. Thereafter, the Court directs the Clerk to re-close the case.

  **IT IS SO ORDERED.**

DATED: June 28, 2021

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT