JS-5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, <br><br>**Plaintiff,**<br><br>v.<br><br>**WILLIAM P. BARR, United States Attorney General; NICOLA T. HANNA, United States Attorney for the Central District of California, and the UNITED STATES OF AMERICA,**<br><br>**Defendants.** | Case No.: CV 19-06893-CJC(AGRx)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION [Dkt. 24]** |

In this case, Plaintiff ▇▇▇▇▇▇▇▇▇▇, acting *pro se*, challenged child pornography statutes in this era of advanced technology. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) The Court granted Defendants' motion to dismiss on December 11, 2019, and the Ninth Circuit affirmed on April 22, 2021. (Dkts. 16, 20.) Recently, Plaintiff was fired from his job and has faced obstacles with respect to future employment opportunities. (Dkt. 24 ¶ 3.) Based on an email on which Plaintiff believes he was

"mistakenly included" that refers to his "extracurricular legal activities," Plaintiff believes that his involvement in this litigation is the reason he was fired and has faced these obstacles. (*Id.* ¶¶ 3, 8, Ex. 1.) Now before the Court is Plaintiff's unopposed petition to reopen this case in order to redact his name from the docket and proceed instead under the pseudonym "John Doe." (Dkt. 24.)

Plaintiff's unopposed petition is **GRANTED**. There is a "strong presumption" in favor of public access to court records "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotation omitted). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In cases when "pseudonyms are used to shield the anonymous party from retaliation," courts determine the need for anonymity by evaluating (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *Id.*

Here, Plaintiff's asserted need for anonymity outweighs any prejudice to the government or the public's interest in knowing his identity. *See Does I thru XXIII*, 214 F.3d at 1068. This case has been over for over a year, the government did not file any opposition to Plaintiff's motion, and the public's interest in this case primarily centers around the underlying nature of the action rather than Plaintiff's identity. *See Doe v. L. Offs. of Winn & Sims*, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021). Moreover, there appears to be a need for anonymity given that there is meaningful threatened harm,

Plaintiff's fears appear to be reasonable, and he appears vulnerable to the purported retaliation. *See Does I thru XXIII*, 214 F.3d at 1068.

Consistent with this Order, the Court **DIRECTS** the Clerk to replace Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents so as to conceal his true name. Thereafter, the Court directs the Clerk to re-close the case.

DATED: April 19, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE